UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAULA CONNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>Defendants. | Case No. 2:19-cv-02241-RFB-VCF<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court are Defendant's Motion to Dismiss, ECF No. 19, Plaintiff's Motions for Hearing, ECF Nos. 22, 29, and Plaintiff's Motion for Leave to File Out of Time, ECF No. 31. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED and Plaintiff's motions are DENIED as moot.

## II.  PROCEDURAL HISTORY

On December 31, 2019, pro se Plaintiff filed a Complaint. ECF No. 1. On March 9, 2020, Defendant United States of America (USA) filed a Motion to Dismiss. ECF No. 7. Plaintiff responded on March 23, 2020, ECF No. 9, and Defendant replied on March 30, 2020, ECF No. 10. Plaintiff filed a second Response on April 27, 2020, ECF No. 11.

On January 27, 2021, Plaintiff filed a "Motion to Allow Limited Preliminary Discovery." ECF No. 12. Defendant USA filed a Response on February 9, 2021, ECF No. 13, and Plaintiff filed a Reply on February 17, 2021, ECF No. 14.

On March 3, 2021, the Court held a hearing and denied both Defendant's Motion to Dismiss and Plaintiff's Motion to Allow Limited Preliminary Discovery without prejudice. ECF No. 16. The Court granted leave for Plaintiff to file an Amended Complaint, for the purpose of permitting Plaintiff to add documentation and evidence that she exhausted her administrative remedies. Id.

On March 22, 2021, Plaintiff filed an Amended Complaint. ECF No. 18. On April 13, 2021, Defendant USA filed a Motion to Dismiss the Amended Complaint. ECF No. 19. Plaintiff responded on April 26, 2021, ECF No. 21, and Defendant replied on May 5, 2021, ECF No. 25. On May 12, 2021, Plaintiff filed an "objection and response" to Defendant's Reply. ECF No. 26.

Plaintiff subsequently filed two "motions for hearing." ECF Nos. 22, 29. ECF No. 22 requests a hearing on Defendant's Motion to Dismiss. ECF No. 29 contends that Plaintiff is entitled to preliminary discovery, "so that the defendants can produce the required Treasury deposit receipts to give factual support and real substance to their false claims of 'tax collection.'" On August 9, 2021, Defendant USA filed an opposition to ECF No. 29. ECF No. 30. On August 23, 2021, Plaintiff filed a Motion for Leave to File Out of Time, requesting an extension of time to reply to Defendant's opposition. ECF No. 31.

On December 7, 2021, the Court ordered a hearing on the Motion to Dismiss, ECF No. 19, the Motions for Hearing, ECF Nos. 22, 29, and the Motion for Leave to File Out of Time, ECF No. 31. ECF No. 36. Plaintiff did not appear at the hearing, and the Court took the parties' arguments, as set forth in their briefs, under submission. This Order follows.

### III.  ALLEGED FACTS

Plaintiff alleges that Defendants USA and C.K. O'Neal violated her Fourth, Fifth, Thirteen, and Fourteenth Amendment rights when her employer withheld taxes from her paycheck under the direction of the Internal Revenue Service ("IRS"). Plaintiff also brings claims under 26 U.S.C. § 7433, alleging violations of sections 3402, 7809, and 7608 of the Internal Revenue Code (the "Code").

Plaintiff, a Southwest Airlines employee, filed a W-4 withholding certificate claiming an exemption from income tax withholding. On October 12, 2017, C.K. O'Neal, an IRS agent, sent Plaintiff a letter informing her that she had submitted an incorrect W-4 form. The letter instructed Plaintiff on how to submit a correct W-4 form to her employer. Plaintiff responded alleging that she was a legal "non-taxpayer," and requesting the IRS submit legal authority to support its actions. The IRS responded, citing 26 U.S.C. §§ 3402 and 3403 and applicable regulations. On December 7, 2018, the IRS issued a "lock-in" letter to Southwest Airlines, directing the company to withhold federal income taxes from Plaintiff's wages at the single rate with no exemptions. On the same date, the IRS notified Plaintiff of the lock-in action and of Plaintiff's options for contesting the IRS determination.

Plaintiff contacted the IRS by telephone to contest the determination. The IRS told Plaintiff that the lock-in letter was issued in part because she failed to file income tax returns for 2015-2017, and that those returns would need to be filed before the lock-in demand could be removed.

On December 26, 2018, the IRS notified Plaintiff that based upon her request for a redetermination, the IRS would direct Southwest Airlines to modify her withholding allowances from zero to two. The IRS informed Plaintiff that it would not release the lock-in demand. Plaintiff continued to send letters to the IRS in response. On April 2, 2019, Plaintiff requested the IRS to inform her of what income tax balances she owed, so that she could pay them off and be released from the lock-in demand. Plaintiff also wrote to the IRS that it could not withhold her income without an "expressly written contract where I have agreed to allow the IRS . . . to instruct my employer to start deducting my private property earnings." Plaintiff continued to submit requests for modification of her withholding allowance status, which were denied on March 15, 2019, February 19, 2020, and March 20, 2020." Plaintiff alleges that she is exempt from paying taxes as a "sovereign citizen."

### IV.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the

3

pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court may also dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**V.    DISCUSSION**

Defendant argues that Plaintiff's Amended Complaint should be dismissed for the following reasons: (1) C.K. O'Neal is an improper defendant; (2) the USA cannot be sued for money damages for Plaintiff's alleged constitutional violations; (3) the Court lacks authority to award Plaintiff declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201; (4) the Court lacks subject matter jurisdiction over Plaintiff's § 7433 claim because Plaintiff has not exhausted her administrative remedies; and (5) Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

Plaintiff's opposition brief is not directly responsive to the arguments raised in Defendants' Motion to Dismiss. Plaintiff argues that Defendant falsely claims that this dispute is a matter of tax law, when it is not, because there is no evidence that any tax is being collected. Plaintiff contends that there is no evidence that money taken from her paycheck has been deposited in the U.S. Treasury as a tax, and that therefore, Defendant should be required by this Court to produce the deposit receipts. Plaintiff also alleges that she does not argue she is not a person who is subject to income tax laws, but only that she cannot be compelled to pay a tax before it is due to be paid on April 15. Further, Plaintiff argues that the only statutory liability for taxes that exist are those imposed by § 1461, and that statute only applies to "tax collectors"; because Plaintiff is not a "tax collector," she argues she has no tax liability under § 1461. With respect to her constitutional claims, Plaintiff alleges that she cannot be subjected to "involuntary servitude in the name of tax" in violation of the Thirteenth Amendment. She also contends that withholding of her wages through federal income tax is a taking under the Fifth Amendment, and that it violates the Fourth and Fourteenth Amendments. Plaintiff argues that the existence of a W-4 form is evidence that a citizen cannot be compelled to pay tax unless they first give permission for that tax to be withheld.

The Court finds that it lacks subject matter jurisdiction over Plaintiff's § 7433 claims because Plaintiff has not demonstrated that she has exhausted her administrative remedies. See Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992) (stating that Plaintiff could not bring an action under 26 U.S.C. § 7433 without first exhausting her administrative remedies). 26 U.S.C. § 7433 waives the United States' immunity to suit where "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code] or any regulation promulgated under [the Internal Revenue Code]" but only if the taxpayer first exhausts his or her administrative remedies by filing an administrative claim with the IRS. 26 U.S.C. § 7433(a), (d)(1). To exhaust administrative remedies, a taxpayer must send a claim "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 CFR §

301.7433-1(e)(1). The administrative claim must include, *inter alia*, "[t]he name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim," "the grounds, in reasonable detail, for the claim (include copies of any available substantiating documents or correspondence with the Internal Revenue Service)," "a description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documents or evidence)," and "the dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." Id. at -1(e)(2).

Plaintiff has not alleged in her Amended Complaint, nor included as exhibits any supporting documentation, that she has complied with the procedure set forth above. Though Plaintiff includes numerous letters she sent to C.K. O'Neal (addressed to the "withholding compliance unit"), as well as notes she allegedly took when she spoke with an IRS agent by phone, she has not presented evidence that she submitted a claim to the area director of the area in which she resides that included the required information (such as the dollar amount of her claim or the grounds for her claim). Because Plaintiff has failed to demonstrate that she exhausted her administrative remedies prior to filing the Amended Complaint, the Court grants Defendant's Motion to Dismiss with respect to Plaintiff's § 7433 claims.

The Court further finds that Plaintiff has failed to state a constitutional claim for which relief can be granted. Plaintiff alleges violations of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments. Plaintiff does not allege any facts in connection with her Fourth Amendment claim. To the extent that Plaintiff alleges her rights under the Fifth, Thirteenth, and Fourteenth Amendments have been violated through the imposition of federal income tax, it is well established that such allegations do not give rise to a cognizable constitutional claim. See U.S. Const. Amend. XVI (empowering Congress "to lay and collect taxes on income"); Kasey v. Comm'r, 457 F.2d 369, 370 (9th Cir. 1972) (rejecting arguments that requirement to file tax returns violates the Fifth or Thirteenth Amendments); Travis v. Yale & Towne Mfg. Co., 252 U.S. 60, 75 (1920) (a state income tax does not violate the Fourteenth Amendment).

## VI. CONCLUSION

**IT IS ORDERED** that Defendant USA's Motion to Dismiss (ECF No. 19) is **GRANTED** and this matter is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Hearing (ECF Nos. 22, 29) and Plaintiff's Motion for Leave to File Out of Time (ECF No. 31) are **DENIED** as moot. The Clerk of the Court is instructed to close this case.

**DATED: December 27, 2021**

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**