UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAULA CONNER,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant(s). | Case No. 2:19-cv-02241-RFB-VCF<br><br>ORDER |

      The Court construes Plaintiff's [40] Motion to Amend/Correct and [42] Motion for Hearing to Reinstate Civil Action as Motions for Reconsideration pursuant to Fed. R. Civ. P. 59(e). A district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1. The Court finds that it has not been presented with newly discovered evidence; has not committed clear error or rendered a manifestly unjust ruling; and that there has been no intervening change in controlling law. Nor has

Plaintiff stated with particularity any points of law or fact that the Court has overlooked or misunderstood. On December 27, 2021, the Court dismissed Plaintiff's action on the basis that Plaintiff failed to demonstrate that she had exhausted her administrative remedies or stated a valid constitutional claim. Plaintiff's newly filed motions do not suggest that the Court's earlier ruling was in error. Instead, Plaintiff attempts to offer new evidence proving her compliance with the IRS administrative procedure, which she admits she finalized only after she filed suit. This new evidence does not provide a basis for reconsideration under FRCP 59(e) because it does not demonstrate that Plaintiff administratively exhausted her claims prior to filing suit, as is required by law.

IT IS THEREFORE ORDERED that the [40] Motion to Amend/Correct and [42] Motion for Hearing to Reinstate Civil Action as Motions for Reconsideration are DENIED.

DATED this 18th day of August, 2022.

RICHARD F. BOULWARE, II
UNITED STATE DISTRICT JUDGE